

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 6, 2019

**BY ECF**
Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 12-/0-19

Re:   **United States v. Jeanluc Joiles and Jaime Rosario Jr.,**
         **19 Cr. 807 (LAP)**

Dear Judge Preska:

    The Government writes on behalf of all parties to respectfully request that the Court enter the proposed protective order attached hereto as Exhibit A.

                                Very truly yours,

                                GEOFFREY S. BERMAN
                                United States Attorney


                        by: /s/
                                Daniel G. Nessim
                                Assistant United States Attorney
                                (212) 637-2486

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Jeanluc Joiles and<br>Jaime Rosario Jr.,<br><br>                   *Defendants.* | **Protective Order**<br><br>**19 Cr. 807 (LAP)** |

Upon the application of the United States of America, with the consent of the undersigned defendants and their respective counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals, including victims and their families; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains (i) includes highly personal information relating to third parties; and/or (ii) information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will

be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

2

7. Sensitive Disclosure Material may be disclosed by counsel to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, and prospective witnesses as needed for the defending of this action;

8. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any disclosure material in any motions practice, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion filed by either party before the Court should initially be filed under seal, absent consent of the opposing party or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. The Government shall undertake in good faith reviews at least every 3 months of the Sensitive Disclosure Material and shall advise counsel for the undersigned defendant as to whether any such documents may be released from the Protective Order.

**Return or Destruction of Material**

11. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

3

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
_____, 2019

                                        THE HONORABLE LORETTA A. PRESKA
                                        UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: *[signature: Daniel Nessim]*                      Date: 12/6/2019

Daniel G. Nessim
Assistant United States Attorney


_____                Date: _____
Counsel for Jeanluc Joiles


_____                Date: _____
Counsel for Jaime Rosario Jr.

## Retention of Jurisdiction

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
_____, 2019

THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

GOEFFREY S. BERMAN
United States Attorney

by:_____  Date: _____
Daniel G. Nessim
Assistant United States Attorney

_____  Date: 11/22/19
Counsel for Jeanluc Joiles

_____  Date: _____
Counsel for Jaime Rosario Jr.

5

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
       December 9, 2019

_____
THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

GOEFFREY S. BERMAN
United States Attorney

by:_____          Date: _____
   Daniel G. Nessim
   Assistant United States Attorney


                                      Date: _____
_____
Counsel for Jeanluc Joiles

_____             Date: 12/4/19
Counsel for Jaime Rosario Jr.

5