UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                    Plaintiff,

 -against-

 JEANLUC JOILES,

                    Defendant.

---

No. 19-CR-807 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of the letter mailed by Defendant Jeanluc Joiles, dated July 18, 2024, that is attached to this Order.

Defendant's "letter" is handwritten over the page of the judgment entered in this case on December 13, 2022, in which the undersigned ordered Defendant to pay a $100 special assessment and $14,787 in restitution. (See dkt. no. 210 ["Judgment"] at 7.) Defendant indicates that his letter is in "return for settlement" for "[his] remedy in accordance with UCC 1-104/10-104 and H.J.R. 192 of June 5th, 1993," which statutes, Defendant appears to say, "exempt[s] [him from] levy" for his financial obligations imposed by the Judgment.

Defendant references HJR 192, "which refers to House Joint Resolution 192 of 133, enacted by Pub. L. No. 73-10, 48 Stat. 112-13 (1933)[,]" a "statutory provision adopted by Congress to prohibit contracts that demand payment in gold[.]" Broughton v.

1

VW Credit, 2024 WL 2057276, at *2 (S.D.N.Y. May 6, 2024). In other words, it was a statute Congress enacted to "suspend[] the gold standard in the United States." Id. Parties who cite to HJR 192 rest their arguments "on the premise that 'because the United States went off the gold standard in 1933 . . . the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.'" Green v. Pryce, 2015 WL 4069176, at *2 (E.D.N.Y. July 1, 2015) (quoting Estes v. Toyota Fin. Serv., 2015 WL 222137, at *5 n.1 (E.D.N.Y. Jan. 13, 2015)). Efforts to invalidate loans "based on HJR-192 have been universally rejected by every federal court that has been presented with this theory." Estes, 2015 WL 222137, at *5 (collecting cases); see also Broughton, 2024 WL 2057276, at *2 ("These theories are commonly used in efforts to avoid legitimate debts and courts have largely rejected relief based on HJR 192.")

Thus, Defendant appears to reference a statute that removed the United States from the gold standard to justify his relief from paying the remainder of his financial obligations imposed by the Court's judgment. HJR 192 provides no such basis. Defendant must pay the outstanding financial obligations still owed to the Government pursuant to the judgment.

Defendant's references to UCC 1-104 and UCC 10-104 similarly provide him no relief from his financial obligations. Each of these provisions of the UCC states only that courts shall not

construe legislation in a way that repeals the provisions of the UCC.  See U.C.C. §§ 1-104, 10-104.  They do nothing to relieve an obligor from his debts.  Accordingly, they provide Defendant no "exempt[ion] from levy" imposed by the Judgment.

Therefore, the Court reminds Mr. Joiles of his obligation to fulfill outstanding criminal monetary penalties imposed by this Court in its Judgment, dated December 13, 2022.  (See Judgment at 7.)

The Clerk of the Court shall mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:      October 2, 2024
            New York, New York

_Loretta A. Presko_
LORETTA A. PRESKA
Senior United States District Judge

3

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___7___ of ___8___

DEFENDANT: JEALUC JOILES
CASE NUMBER: 1:S1 19CR00807-01 (LAP)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 14,787.00 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|

*Handwritten overlay text (diagonal across page):*

ACCEPTED FOR VALUE AND RETURNED FOR VALUE FOR SETTLEMENT AND IN RETURN OF MY EXEMPTION FOR DISCHARGE OF THIS ACCOUNT/FINAL AND SUBJECT TO UCC 1-308 - ALL RIGHTS RESERVED WITHOUT PREJUDICE AND/OR ANY COMMERCIAL LIABILITY FOR MULTIPLE, UNLIMITED AND SURETY BOND/S BACK FOR VALUE, PAST, PRESENT AND FUTURE PRE-PAID. CORRECT AND COMPLETE UNDER MY HAND AND SEAL/TITLE 28:1746

Balance Account/Discharge/Release/Adjust/and/or UCC 1-104 and TITLE 192

ENDORSEMENTS FRONT WITH UCC I-201(31) HOLDER IN DUE COURSE IN ACCORDANCE WITH UCC I-104, PRESENTMENT AND RELEASE OF PROMISSORY NOTE/BOND/S/ORDER/S/CLAIM/S/AND/OR JUDGMENT/S OF June 5th, 1933 AND RELEASE OF EXEMPTION ID AND/OR LAW, PAST, PRESENT AND FUTURE EXEMPT FROM LIEN AND LEVY RETURN FOR DISCHARGE

SURETY LIABILITY OBLIGATION
DATE: 7/8/24

EXEMPTION I.D. NO. 130-60-50

/S/ *Jealuc Joiles* (signature)
AUTHORIZED REPRESENTATIVE
PRIORITY - PRE-PAID
EXEMPT FROM LIEN AND LEVY